ANCHOR SAVINGS BANK,
FSB, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 95–39 C.

United States Court of Federal Claims.

Nov. 10, 2004.

Reissued on Nov. 18, 2004 for publication [1].

Edwin L. Fountain, Jones, Day, et al., Washington, DC, for plaintiff.

Tarek Sawi, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

---

1. No substantive changes have been made to the order filed on November 10, 2004, which is herewith reissued for publication with headnotes added.

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

BLOCK, Judge.

On September 29, 2003, this court entered an opinion and order granting-in-part and denying-in-part defendant's motion for summary judgment on plaintiff's various damages claims. *See Anchor Sav. Bank, FSB v. United States,* 59 Fed.Cl. 126 (2003). Specifically, this court partially granted defendant's motion for summary judgment as to plaintiff's claim for reliance damages. The court concluded, in essence, that plaintiff's claim—based on its assumption of net liabilities in its supervisory mergers—was akin to a claim for regulatory goodwill that is barred by Federal Circuit precedent. Furthermore, the court concluded that this claim and plaintiff's claim for post-acquisition losses failed to satisfy the burdens imposed by the Rules of the Court of Federal Claims (RCFC) Rule 56. *See Celotex Corporation v. Catrett,* 477 U.S. 317, 322–25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

On October 21, 2003, plaintiff filed a Motion for Reconsideration and invited the court to reconsider its ruling that plaintiff's reliance claims were barred as a matter of law. As the basis for its request, plaintiff cites what it considers to be factual errors in the court's description and analysis of plaintiff's claims. Primarily, plaintiff takes issue with the court's characterization of assumed net liabilities as being synonymous with goodwill. Plaintiff also challenges the court's conclusion regarding post-acquisition losses.

 A motion for reconsideration, pursuant to RCFC 59, invokes the discretion of the court and must be supported by extraordinary circumstances justifying relief. *See Yuba Nat'l Res., Inc. v. United States,* 904 F.2d 1577, 1583 (Fed.Cir.1990). "To sustain its burden, the movant must show: (1) that an intervening change in the controlling law has occurred; (2) that previously unavailable evidence is now available; or (3) that the motion is necessary to prevent manifest injustice." *Fru–Con Const. Corp. v. United States,* 44 Fed.Cl. 298, 301 (1999). Because of a strong public policy disfavoring reconsideration based upon facts in the record at the time of the original conclusion, a party's motion for reconsideration must be premised upon much more than a mere re-argument of positions already advanced before the court. *See id.* It must call to the fore some "manifest error of law, or mistake of fact, and is not intended to give an unhappy litigant an additional chance to sway the court." *Bishop v. United States,* 26 Cl.Ct. 281, 286 (1992).

 Here, the court previously concluded that plaintiff's claim for reliance damages, comprised of the net liabilities plaintiff assumed in its supervisory mergers, was barred as a matter of law. This conclusion was neither an error of law or misunderstanding of fact. Instead, it was borne of a sound interpretation of precedent in the Federal Circuit that has been broadly adopted by this court. Plaintiff's assumed net liabilities, while certainly not the *equivalent* of the regulatory goodwill generated by plaintiff's supervisory mergers (which has been squarely rejected in this Circuit as a basis for recovery), were necessarily a *component*—or at least a starting point—of any goodwill calculation. Whether or not the net liabilities calculations incorporated mark-to-market adjustments, *see* Pl.'s Mot. for Reconsideration at 4, plaintiff failed to demonstrate that those net liability calculations represented actual, out-of-pocket expenses.

The Federal Circuit has clearly established that a *Winstar* plaintiff's assumed net liabilities are an improper basis for awarding restitution damages. *See LaSalle Talman Bank v. United States,* 317 F.3d 1363, 1376 (Fed. Cir.2003) ("Although the assumed liabilities are indeed an accounting cost … they are not a usable measure of either cost to the thrift or benefit to the government, and thus not an appropriate threshold for restitution damages."). Because the Federal Circuit has indicated that restitution, when premised on the recovery of costs expended by the non-breaching party in performance of its contract, "can be viewed as a form of reliance damages," *see id.,* judges of this court have interpreted the Federal Circuit's prohibition in the restitution context to extend to reliance damages, as well. *See, e.g., Standard Fed. Bank v. United States,* 62 Fed.Cl. 265, 296 (Fed.Cl.2004) ("The Federal Circuit's re-

jection of damages claims premised on the assumption of net liabilities in the restitution context also should be applied to the context of reliance damages. Indeed, logic precludes any other outcome."); *S. Nat'l Corp. v. United States*, 57 Fed.Cl. 294, 300 (2003); *Granite Mgmt. Corp. v. United States*, 58 Fed. Cl. 766, 776 (2003) ("If a restitution cost of performance claim premised on net liabilities assumed is precluded, and that claim 'can be viewed as a form of reliance damages,' it follows that a reliance claim based on net liabilities assumed is likewise barred."); *Fifth Third Bank of W. Ohio v. United States*, 55 Fed.Cl. 223, 245 (2003) ("Neither *Glendale* nor *Cal. Fed.* stands for the proposition that the assumption of net liabilities constitutes an appropriate measure of reliance damages."). This was, essentially, the substance of this court's prior decision regarding this issue. Therefore, plaintiff's assertion that its calculation of reliance damages based on assumed net liabilities should proceed to trial is not sound because it conflicts with the weight of authority in this Circuit.

■ Furthermore, the court's previous decision concluded that plaintiff had failed, as a matter of law, to provide sufficient evidence to prove that its assumed net liabilities *or* its post-acquisition loss models reflected actual, out-of-pocket costs. Plaintiff argues that the calculation of its post-acquisition losses was compiled by defendant's own expert and, therefore, the court's conclusion puts it "in the position of rejecting a component of Anchor's reliance claim that the defendant's own expert agrees constitutes actual cash losses." Pl.'s Mot. for Reconsideration at 5. The court's prior conclusion, however, did not reject plaintiff's argument, nor its calculations, out of hand as plaintiff seems to imply. Instead, the court specifically recognized that plaintiff's figures "may or may not" represent "*actual specified realized losses.*" *Anchor Sav. Bank, FSB v. United States*, 59 Fed.Cl. 126, 161 (2003). However, plaintiff's chief problem then was its failure to satisfy its Rule 56 burden to produce sufficient evidence. "Without a positive showing by Anchor that the numbers in line 1 of SS–5 and line 15 of SS–6 represent actual and real losses, and without, for that matter, anything else in the record to support its claim, this court is faced with an absence of evidence that Anchor actually incurred such losses." *Id.* As such, plaintiff had failed to produce evidence of an essential element of its reliance damages claim, namely that its alleged losses were "actual losses sustained by plaintiff." *Glendale Fed. Bank v. United States*, 239 F.3d 1374, 1383 (Fed.Cir.2001); *see also Standard Fed. Bank*, 62 Fed.Cl. 265, 299, 2004 WL 2212085 at \*38 ("[P]laintiff's model fails to account for the losses actually sustained by the thrift."); *S. Cal. Fed. Sav. & Loan Ass'n v. United States*, 57 Fed.Cl. 598, 631 (2003) ("Plaintiffs presented very little evidence that it actually paid down these liabilities—an absolute requirement for reliance damages.") (citation omitted). Plaintiff fails to point to sufficient facts, in the record at the time of the summary judgment decision, that would cause the court to reevaluate its prior assessment of the universe of facts at that time and change tack now.

Since plaintiff does not convince the court that its prior conclusions were an obvious error of law or mistake of fact, the court declines to reconsider its previous decision partially granting the defendant's motion for summary judgment. Therefore, plaintiff's Motion for Reconsideration, having been given all due consideration by the court, is hereby **DENIED.**